No. 23-1733

# In the
# United States Court of Appeals
# for the Sixth Circuit

| | |
|---|---|
| ADAM KANUSZEWSKI, et al, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al, <br><br> Defendants-Appellants. | Appeal from the United States District Court for the Eastern District of Michigan, Northern Division <br><br><br> The Honorable Thomas Ludington, Judge Presiding |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE: ASSOCIATION OF PUBLIC HEALTH LABORATORIES, ALD ALLIANCE, AMERICAN COLLEGE OF MEDICAL GENETICS AND GENOMICS, AND HCU NETWORK AMERICA IN SUPPORT OF APPELLEES**

> HINSHAW & CULBERTSON LLP
> Kimberly A. Jansen ARDC# 6257802
> Joshua G. Vincent
> 151 North Franklin Street
> Suite 2500
> Chicago, IL 60606
> 312-704-3000
> kjansen@hinshawlaw.com

**MOTION FOR LEAVE TO FILE**

Pursuant to Fed. R. App. P. 29(a)(3), the following *amici curiae* respectfully request leave to file the accompany in brief in support of defendants-appellants: (1) Association of Public Health Laboratories, (2) ALD Alliance, (3) American College of Medical Genetics and Genomics, and (4) HCU Network America. Leave should be granted because each of the *Amici* has a strong interest in the issues presented by this case.

1. By definition, an *amicus curiae* is a friend of the court, not of the parties. In this role, an *amicus curiae* should strive to provide the court with ideas, arguments, or insights that are helpful to resolution of the case but were not addressed by the litigants themselves. *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

2. The Association of Public Health Laboratories (APHL) is a non-profit, 501(c)(3) organization dedicated to ensuring the strength of the laboratory systems serving the public's health in the United States and globally. APHL's expert staff represent diverse disciplines, from infectious disease, environmental health, and food safety to newborn screening and public health preparedness.

3. APHL's Newborn Screening and Genetics Program: (1) strengthens the role of public health laboratories in congenital and genetic testing and designs strategies to address changes in the field of newborn screening (NBS); (2) develops and recommends position statements related to newborn screening and genetics; and (3) provides input on quality control and proficiency testing issues to the CDC's Newborn Screening Quality Assurance Program. The program also interacts with state, federal and association partners to implement national recommendations on newborn screening and genetics testing.

4. The ALD Alliance is a non-profit 501 (c)(3) organization dedicated to advocating for newborn screening nationally. Especially for adrenoleukodsytrophy (ALD). Elisa Seeger started the ALD Alliance in 2012 after losing her seven-year old son Aidan to ALD. While researching ALD at Aidan's hospital bedside, Elisa learned that a newborn screening test for ALD existed but was not being used by a single state. Had Aidan been diagnosed at birth, his life could have been saved.

5. Through Elisa's advocacy, New York adopted "Aidan's Law" in 2013 and became the first state to begin testing newborns for ALD. Validation of the ALD screening test was only possible thanks to Aidan's

blood spot card—donated over eight years after his birth—along with residual dried blood spot (DBS) cards donated by nine other ALD families. Ten years after "Aidan's Law" was adopted, screening by the state of New York has led to the diagnosis of 157 babies with ALD and a total of thirty-eight states now screen for the disease.

6. Families that live in a state screen which screens for a condition at the time of birth will have access to life-saving monitoring and treatment for their child. Families that live in a state that does not screen do not enjoy the benefits of early-detection and their children are left to suffer permanent disability or death. Describing this disparity as "death by zip code," Elise and the ALD Alliance to advocate for compliance by all states with the federally-adopted Recommended Uniform Screening Panel.

7. The American College of Medical Genetics and Genomics (ACMG) is the only nationally recognized medical professional organization solely dedicated to improving health through the practice of medical genetics and genomics, and the only medical specialty society in the U.S. that represents the full spectrum of medical genetics disciplines in a single organization. The ACMG is dedicated to improving health through the clinical and laboratory practice of medical genetics and to guiding the

safe and effective integration of genetics and genomics into all of medicine and healthcare, resulting in improved personal and public health. As such, the ACMG is committed to supporting and strengthening newborn screening, research, and test development to ensure precise and efficient screening processes leading to timely diagnosis and treatment of newborns with screened conditions.

8. HCU Network America is a non-profit, 501(c)(3) organization that strives to help patients with homocysteine-related disorders manage their disease and to find a cure. HCU Network America represents those living with classical homocystinuria (HCU) and remethylation disorders in the United States and is one of two patient organizations worldwide serving this population. HCU Network America works closely with and advocates for the community; provides education and support; and funds research.

9. Resolution of the weighty Constitutional issues raised in this case will significantly impact each of the *amici*. The Court's decision will significantly impact the availability of retained DBS samples, which are necessary to help improve and expand newborn screening tests. For classical HCU, for example, it is estimated that about 50% of patients are

missed by the NBS test and are not diagnosed until symptoms have appeared later in life. Just as Aidan Seeger and other ALD patients' residual DBS were used to validate the newborn screening test for ALD, retained DBS from HCU patients can be analyzed to determine whether the current screening test can be improved by adjusting the threshold levels of the relevant biomarker now used to indicate a positive screening result. Such improvements are only possible, however, if public health laboratories have access to an adequate repository of disease-specific residual DBS

10. In light of the subject matter of this case—newborn screening and the retention and potential use of residual dried bloodspot specimens—APHL believes this Court will benefit from an explanation of the historical background, the scientific principles involved, and how the impact of this Court's resolution of the issues will extend beyond the parties presently before the court. Each of the amici believes that this Court will benefit from their collective insights, both as to how resolution of the constitutional questions will affect their important work and as to how the importance of their work affects the constitutional issues.

93897\315467166.v1

For these reasons, this Court should grant leave to file a brief amicus curiae in support of appellants to: (1) Association of Public Health Laboratories, (2) ALD Alliance, (3) American College of Medical Genetics and Genomics, and (4) HCU Network America.

        Respectfully submitted,

/s/ Kimberly A. Jansen
Kimberly A. Jansen
Hinshaw & Culbertson LLP
151 N Franklin St, Suite 2500
Chicago, IL 60606
312-704-3000
kjansen@hinshawlaw.com

*Counsel for Amici Curiae Association of Public Health Laboratories, ALD Alliance, American College of Medical Genetics and Genomics, and HCU Network America*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

/s/ Kimberly A. Jansen