UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ADAM KANUSZEWSKI, et al,
    *Plaintiffs – Appellees,*

Case No.: 23-1733

v.

MICHIGAN DEP'T OF HEALTH
AND HUMAN SERVICES, et al,
    *Defendants - Appellants*
                                      /

## MOTION TO FULLY DISMISS THE APPEAL TAKEN BY DEFENDANT KRAUSE AND TO PARTIALLY DISMISS THE APPEAL TAKEN BY THE REMAINING STATE DEFENDANTS DUE TO VOLUNTARY MOOTNESS

NOW COME Appellees, by counsel, and move to dismiss – *in full* as to Defendant Krause (Biobank Defendant) and *in part* as to the State Defendants – the pending appeal before this Court. This Court no longer has Article III jurisdiction to adjudicate the now-moot portions of the appellate challenge raised by Defendants. See *Resurrection Sch. v. Hertel*, 11 F. 4th 437, 449 (6th Cir. 2021); see also See *Civil Appeal Statement of Parties and Issues*, CA6 Dkt No. 8.

### BACKGROUND

This is the second time this case has been appealed to this Court. *Kanuszewski v. Mich. Dep't. of Health & Human Services*, 927 F.3d 396

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

(6th Cir. 2019). The constitutional challenges raised below concern Michigan's Newborn Screening Program. As explained by the District Court—

> Since the 1960s, the State of Michigan and its agents have pricked the heel of nearly every newborn within hours of birth to collect five or six drops of blood on a Dried Blood Spot (DBS) collection card. The DBS cards contain the babies' key demographic information.
>
> ***
>
> Michigan saves all the data from the screening, including the newborn's demographic details, disease diagnoses, and genetic markers, in a computerized laboratory information management system ("LIMS"). The retention rules for storing this data in the LIMS is currently indefinite, and the data is accessible to any "authorized" healthcare provider licensed in Michigan at will. Although parents may request the destruction of their babies' blood spots or cards, deletion of data stored in the LIMS is not "doable." That is, every healthcare provider in Michigan has access to an electronic database that contains the genetic markers and demographic information of every baby born in the State of Michigan since the 1960s.
>
> Michigan also keeps the blood spots and physical copies of the babies' demographic cards. It keeps the cards for 35 years and sends the blood spots to the Michigan Neonatal Biobank[1] in Detroit, Michigan, for 100 years. Michigan uses the babies' blood samples not only to conduct retests, to research ways to improve its screening tests, to identify victims and suspects of crimes, but also to furnish it to other entities for miscellaneous research.

---

[1] As this Court previously explained, "the Neonatal Biobank defines itself as a 'nonprofit corporation that receives all or nearly all of its funding from the State of Michigan,' and the state relies on the Neonatal Biobank to 'indefinitely store the Infants' blood' after the blood samples are screened for diseases." *Kanuszewski,* 927 F.3d at 413 fn.8. It has been deemed an "arm of the state." *Id.*

> The BioTrust for Health program, managed by the MDHHS, operates alongside the NSP to coordinate transactions with third parties, such as research institutions and law-enforcement agencies. *** The BioTrust coordinator instructs the Biobank which specific blood spots to give to the third parties. Then the Biobank, acting as Michigan's vendor, distributes the blood spots to the third parties. Although the blood spots are partially de-identified, the MDHHS can reidentify the subject of any bloodspot, which it has done with parental consent as well as under court order.

**Amended Opinion, RE 263, PageID # 6961-6962** (cleaned up). On remand from *Kanuszewski I*, Michigan's NSP was found to be unconstitutional under both the Fourteenth and Fourth Amendments and the relief sought was two-fold— first, Plaintiffs sought the return or destruction of the nine Infants' blood spots and destruction of the unlawfully retained physiological; and second, Plaintiffs sought the destruction of the Infants' private medical data that was seized and retained from the tested blood spots. Judgment entered against Defendants which directed them to provide informed consent to each parent and provide certain options regarding post-testing retention of the blood spots and related uses, or return Plaintiff-infants' blood samples and data. **Judgment, RE 262, PageID # 6991-6993**. The parents could decide to have Defendants *return* or *destroy* the named-Infants' retained blood samples and data, or otherwise provide consent for Defendants to

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

continue to operate as Defendants always have with the Infants' spots and data. *Id.* **at PageID # 6992-6993.** However, "if no informed consent is provided for any of these purposes within one year of the date that Defendants mail the notices, then Defendants are DIRECTED to destroy Plaintiffs' blood samples and data." *Id.* **at PageID # 6993.** The District Court later approved the notice and directed for its issuance. *Id.*; **Order Approving, RE 279, PageID # 7334**.

Defendants thereafter appealed. **Notice of Appeal, RE 266**. However, they voluntarily settled upon only a partial stay of enforcement of the Judgment, which the District Court approved. As confirmed, "Defendants [were] concerned that prompt destruction of all [of Infants' remaining dried blood spots] and associated data will implicate the mootness doctrine, threatening their appeal of right regarding the merits." **Stipulated Partial Stay, RE 269, PageID # 7050.** So, "in order to ensure the potential for *partial* relief on appeal," the parties negotiated and provided for a partial stay. *Id.* (emphasis added). Defendants voluntarily agreed to "fully comply with the existing procedure for soliciting Plaintiffs' informed parental consent" and "to act promptly… to return, destroy, or retain them at each Plaintiff's

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

instruction." ***Id.* at PageID # 7051**. However, "Defendants may suspend the actual destruction of Plaintiffs' associated data pending appeal." ***Id.* at PageID # 7052**. The stay of the data remedy[2] – being only the Fourth Amendment claims before the District Court – would remain until "resolution of Defendants' appeal to the United States Court of Appeals for the Sixth Circuit and the exhaustion of the ensuing period to receive a decision on a[ny] petition to the United States Supreme Court for a writ of certiorari" subject to certain additional protections. ***Id.* at PageID # 7051**. The District Court entered the stipulated partial stay on August 23, 2023. ***Id.* at PageID # 7058.**

After Defendants issued the court-approved notice, Plaintiffs opted for what is being dubbed "option 1" – the dispossession from Defendants and return of all remaining blood spots to the Parents as well as "provide a copy of all data" and "thereafter destroy all of your child(ren)'s data relating to newborn screening, the BioBank, and the BioTrust." E.g. **Notices, RE 281-1**. In fulfillment of the blood spot portion of the

---

[2] As repeatedly and correctly asserted by Defendant Christopher Krause (the Biobank Defendant), the issues involving Infants' data only involve the State Defendants and not the Biobank. See **Transcript, RE 243, PageID # 6201.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Judgment, the nine Infants' blood spots have been voluntarily conveyed and delivered to Plaintiffs' counsel and are being disposed of accordingly. **Exhibits A and B**. Consistent with the stay order, data destruction elections appear to remain "suspend[ed]."

## ARGUMENT

Any appellate challenge to the parents' successful blood *spots* claims have become moot. When a defendant compiles with the trial court's injunctive judgment without a stay, the appellate challenge becomes moot. *Constangy, Brooks & Smith v. NLRB*, 851 F.2d 839, 841-842 (6th Cir. 1988). When an issue becomes moot, this Court no longer has Article III jurisdiction to adjudicate the now-moot portion of the challenge. *Hertel*, 11 F. 4th at 449.

To that end, this Court is requested to provide two forms of relief. First, that the Court grant this motion and find the claims involving the blood *spots* (as opposed to medical data) are, in fact, moot. Second, that the briefing (which will be heady) formerly required by Appellees in supporting affirmance of the claims involving the blood *spots* is no longer needed in light of the mootness. All that remains for this Court to

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

adjudicate is the Fourth Amendment *data* claims, which are not moot See **Amended Opinion, RE 263, PageID # 7007-7017.**

## RELIEF REQUESTED

WHEREFORE, because any claims involving the blood spots are now moot under *Constangy* and its progeny, the appeal by Defendant Christopher Krause (Biobank) must be dismissed in full and the appeal by the State Defendants (MDHHS officials) must be partially dismissed leaving only the remaining claims involving the claims regarding the medial *data* for adjudication on appeal. The Court is requested to direct that Appellees no longer need brief the blood spots matters in light of the mootness and may limit its forthcoming brief to only the Fourth Amendment data claim issues.

Date: December 13, 2023    s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellees

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: December 13, 2023   s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellees



# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1Z4505552401366099

**Weight**

1.00 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

12/04/2023

**Additional Information**

Signature Required

**Delivered On**

12/05/2023 1:53 P.M.

**Delivered To**

HEMLOCK, MI, US

**Received By**

EDGECOMB

**Left At**

Office



Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 12/08/2023 11:42 A.M. EST



# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

ADAM KANUSZEWSKI, et al,
    *Plaintiffs – Appellees,*   Case No.: 23-1733

v.

MICHIGAN DEP'T OF HEALTH
AND HUMAN SERVICES, et al,
    *Defendants - Appellants*
_____/

## DECLARATION OF PHILIP L. ELLISON

Philip L. Ellison, hereby declares, as follows:

    1.    I am counsel of record for Plaintiffs-Appellees in the above-referenced case.

    2.    Defendants have returned to me, by courier, all remaining blood spots of the Infant-Plaintiffs in the above-referenced case.

    3.    I have attached a photograph of the same (with redactions) as taken in my office.

    4.    The blood spots are being disposed of appropriately as biowaste.

    5.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2023

*/s/ Philip L. Ellison*
_____
Philip L. Ellison

