UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ADAM KANUSZEWSKI, et al.,

    Plaintiffs-Appellees,

v.

MICHIGAN DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

    Defendants-Appellants.

O R D E R

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

Defendants—a Michigan state entity and several state employees sued in their official and individual capacities—appeal the district court's judgment for Plaintiffs—four Michigan parents and nine minor children—in this civil rights suit challenging the collection, testing, and storage of blood samples drawn from every newborn delivered in the state, as well as the resulting genetic data, as part of Michigan's Newborn Screening Program. Plaintiffs move to dismiss the appeal in part, arguing that Defendants' challenge to the district court's Fourteenth Amendment analysis was mooted by the return and destruction of the samples. Defendants oppose dismissal and, alternatively, move to vacate any district court decision that resulted in mootness.

"[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (alteration in original) (quoting *Ailor v. City of*

*Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)).  Plaintiffs concede that Defendants have a live case or controversy regarding the as-yet retained computer data.  Instead, they assert that we are no longer able to give meaningful relief regarding the retention or return of the physical blood samples, and that, as a result, any debate about the constitutionality of retaining those samples is now moot.

We disagree.  To be sure, Defendants can no longer obtain the return of the blood samples, but they can obtain a review of the constitutionality of their retention and use.  And "even the availability of a 'partial remedy'" is sufficient to avoid mootness.  *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)).  Moreover, our judgment will have a concrete and meaningful effect on the ongoing operation of the Newborn Screening Program and the future invocation of qualified immunity by state employees involved in the program.  Thus, our merits order would not be an impermissible advisory opinion about an "abstract proposition[]." *Id.* (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Accordingly, the motion to dismiss is **DENIED** and the motion to vacate is **DENIED AS MOOT**.

      ENTERED BY ORDER OF THE COURT

      Kelly L. Stephens, Clerk